IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BENNIE E. BOSTICK,

    Plaintiff,

v. : CIVIL ACTION NO.: CV510-012

Dr. HARDEN; Ms. BENAFIELD;
DOLBY CONNER, Sheriff; and
CHARLTON COUNTY SHERIFF'S
OFFICE,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate formerly confined at D. Ray James Prison in Folkston, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff states he complained to medical staff about painful kidney stones and was given medication that did not ease his pain. He asserts he complained about his first medication and was given different medication, which did not help with his pain. He states that he had to go two months without pain medication. Plaintiff asserts that his constitutional right to proper medical treatment is being denied.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon jail officials to take reasonable measures to guarantee the safety of prisoners. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether the jail officials exhibit a deliberate indifference to the serious medical needs of prisoners. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by

a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). A mere difference in medical opinion between medical personnel and the prisoner as to the diagnosis or course of treatment is insufficient to support an Eighth Amendment claim. Harris, 941 F.2d at 1505.

It appears that Plaintiff only disagrees with the course of treatment he received while housed at D. Ray James. Plaintiff's allegations are insufficient to state a constitutional violation.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

SO **REPORTED** and **RECOMMENDED**, this 21st day of April, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)